UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALINDA FAIRCHILD-CATHEY, RICHARD MUMFORD, and AARON FORJONE, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICU CREDIT UNION,<br><br>　　　　　　Defendant. | Civil Action No. 6:21-cv-1173 (LEK-ML)<br><br>JUDGE LAWRENCE E. KAHN<br><br>Class Action |

# ORDER GRANTING MOTION
# FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT

**THIS MATTER** came before the Court for consideration of a motion for preliminarily certification of the Settlement Classes and preliminarily approval of a settlement between Plaintiffs Malinda Fairchild-Cathey, Richard Mumford, and Aaron Forjone ("Named Plaintiffs"), individually and on behalf of the proposed Settlement Classes, and Defendant AmeriCU Credit Union ("Defendant"). The Court has reviewed the Settlement Agreement and Release and attachments thereto ("Settlement Agreement") executed by the Parties and submitted to the Court with Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement.

**IT IS HEREBY ORDERED** as follows:

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter and Parties to the above-captioned lawsuit (the "Action").

*Preliminary Approval of Settlement and Conditional Certification of Settlement Classes*

1. Subject to the Final Approval Hearing and further review, the Court preliminarily approves the Settlement as being fair, reasonable, and adequate. The terms of the parties' Settlement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is likely to obtain final approval and that notice of the proposed settlement should be given as provided in this Order and the Settlement Agreement.

2. The Court finds, for settlement purposes only, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the Settlement Classes are comprised of so numerous members that joinder of all members is impracticable; (b) there are common questions of law and fact common to the Settlement Classes that predominate over questions affecting only individual members; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (f) Class Counsel will adequately represent the interests of the Settlement Class. Accordingly, the Court conditionally certifies, for settlement purposes only, the following Settlement Classes:

> Those members of Defendant who, during the Class Period, were assessed an APPSN Fee ("APPSN Fee Settlement Class").
>
> Those members of Defendant who, during the Class Period, were assessed an OON Fee ("OON Fee Settlement Class").
>
> Those members of Defendant who, during the Class Period, were assessed a Retry NSF Fee ("Retry Fee Settlement Class").

Excluded from the Settlement Classes are Defendant, all officers and directors of Defendant, and the judge(s) presiding over this Action. The Class Period for the APPSN Fee Settlement Class means the dates from October 27, 2015 through July 5, 2019. The Class Period for the OON Fee Settlement Class means the dates from October 27, 2015 through January 31, 2023. The Class Period for the Retry Fee Settlement Class means the dates from October 27, 2015 through July 5, 2019.

3. A Final Approval Hearing shall be scheduled to take place before this Court for the purpose of, among other things: (a) determining whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, and adequate; (b) considering Class Counsel's Motion for Final Approval (including an award of fees, costs, and service awards; (c) ordering entry of Judgment on the Released Claims, which constitutes a release and bar of the Released Claims; (d) determining compliance with all matters pertaining to Rule 23, and (e) consideration of such other matters as the Court may deem necessary or appropriate. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Settlement Class, and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Settlement Class.

4. The Court appoints Plaintiffs Malinda Fairchild-Cathey, Richard Mumford, and Aaron Forjone as Class Representatives, appoints Jeffrey Kaliel of Kaliel Gold PLLC and David Berger of Gibbs Law Group LLP as Class Counsel, and appoints Kroll as Claims Administrator.

*Class Notice and Objections*

5. The Court hereby approves, as to form and content, the proposed Notice to the Settlement Class attached as Exhibits 1 and 2 to the Settlement Agreement. The long-form Notice shall be posted to the Settlement Website and the short-form notice shall be emailed and/or sent by U.S. Mail to Settlement Class Members. The manner of distribution of the Notices set forth in Section 4 of the Settlement Agreement satisfies due process and is the best notice practicable under the circumstances.

6. Class Counsel and the Claims Administrator shall cause Notice to be sent to each Settlement Class Member in accordance with the Settlement Agreement and this Order. The Parties may by mutual written consent make non-substantive changes to the Notices without Court approval.

7. Any person in the Settlement Classes may be excluded (opt out) from the Settlement Agreement upon request. To be valid and considered by the Court, the exclusion must be in writing and mailed to the Claims Administrator at the address specified in the Notice. The objection must be postmarked on or before the Bar Date to Opt Out, which shall be thirty (30) days after the date the Notice is sent to Settlement Class Members pursuant to the Settlement Agreement, and must include the Class Member's name, the last four digits of their account number(s) or former account numbers(s), address, telephone number, and email address. The Exclusion Letter must state that the Class Member wishes to exclude themselves from the Agreement and be signed and dated. An Exclusion Letter electing to opt out by any joint owner of an account shall be deemed to apply to all owners. The Claims Administrator shall provide all requests for exclusion to Class Counsel, who shall file any such requests with the Court. Any person who submits a timely and valid

request for exclusion will be excluded from the Settlement Agreement and will not be subject to the terms of the Settlement Agreement or the releases contained within it.

8. Settlement Class Members shall be afforded an opportunity to object to the terms of the Settlement. To be valid and considered by the Court, the objection must be in writing and mailed by first class mail, postage pre-paid, to the Claims Administrator at the addresses specified in the Notice. The objection must be postmarked on or before the Bar Date to Object, which shall be thirty (30) days after the date the Notice is delivered to the Class Members. The objection must include the following information:

   i. The name of the Action;

   ii. The objector's name, address, telephone number, and the last four digits of the Account(s) at issue;

   iii. The contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case;

   iv. A statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection;

   v. A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address, and telephone number; and

   vi. The objector's signature (an attorney signature is not sufficient).

9. Any Settlement Class Member who does not make his or her objection known in the manner provided in the Settlement Agreement and Notice shall be deemed

to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement.

10. Any request for intervention in this Action for purposes of commenting on or objecting to the Settlement must meet the requirements set forth above, including the deadline for filing objections, must be accompanied by any evidence, briefs, motions, or other materials the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of applicable law and Court rules.

11. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Settlement Class Member, must be duly admitted to practice law before the Court, and must file a written appearance. Copies of the appearance must be served on Class Counsel and Defendant's Counsel.

*Final Judgment & Release*

12. Upon entry of Judgment by the Court in accordance with the Settlement, all Settlement Class Members shall be barred from asserting any Released Claims against the Released Parties and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims against the Released Parties.

*Other Provisions*

13. Notice will be sent to Class Members within thirty (30) days of the Order.

14. Class Counsel's Motion for Attorneys' Fees and Class Representative Service Awards shall be filed no later than thirty (30) days after Notice is send to Class Members.

15. Class Counsel's Motion for Final Approval shall be filed no later than thirty (30) days after the Objection Deadline. If any objection is filed, Class Counsel shall file such objection at least seven (7) days before the Final Approval Hearing.

16. The Final Approval hearing is scheduled for __May 8th__, 2024, at __11:30 A.M.__.

17. Pending final determination as to whether the Settlement should be approved, the Court hereby asserts jurisdiction over the Settlement Class Members for the purposes of effectuating this Settlement and releasing and dismissing with prejudice their Released Claims.

18. All proceedings are hereby stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination as to whether the Settlement should be approved, Plaintiffs, all members of the Settlement Classes, and persons purporting to act on their behalf, are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court or other tribunal asserting any of the Released Claims.

19. The Settlement does not constitute an admission, concession, or indication by Defendant of the validity of any claims in this Action or of any wrongdoing, liability, or violation of law by Defendant, nor of the appropriateness of certification of litigation classes. To the contrary, Defendant has advised the Court that it believes it is without any liability whatsoever for any of the claims included in the Settlement and is participating in the Settlement to put an end to all such claims and the risks and the expense of protracted litigation.

20. In the event the Settlement is not approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order and Judgment as contemplated in the Settlement, or any such order is reversed on appeal, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(i) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(ii) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(iii) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Plaintiff or Defendant on any point of fact or law;

(iv) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Settlement Agreement, the Notice, court filings, orders, and public statements, may be used as evidence in this or any other proceeding.  In addition, neither the fact of, nor any documents relating to, any Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence; and

(v) Neither the fact of this Order nor any of its contents, nor the Parties' Settlement Agreement and submissions nor any of their contents, nor the fact of Defendant's willingness to enter into a class action settlement, may

be used to support certification of a litigation class in this or any other proceeding.

21. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

22. All costs incurred in notifying members of the Settlement Classes, as well as administering the Settlement, shall be paid as set forth in the Settlement Agreement.

23. Certification of the Settlement Classes are conditional certifications for settlement purposes only. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certifications of the Settlement Classes shall be void and Defendant, pursuant to the terms of the Settlement Agreement, shall have reserved all of its rights to oppose any and all class certification motions in this Action, or in any other class action under Court Rules or any other applicable rule, statute, law or provision, on any grounds.

**IT IS SO ORDERED.**

Dated: January 3, 2024

*[signature]*
LAWRENCE E. KAHN
United States District Judge

Approved as to form:

*/s/ Jeffrey D. Kaliel*
Jeffrey D. Kaliel (Bar Roll No. 518372)
KALIELGOLD PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783
jkaliel@kalielpllc.com

Sophia Goren Gold (Bar Roll No. 701241)
KALIELGOLD PLLC
950 Gilman Street, Suite 200
Berkeley, CA 94710
Tel: (202) 350-4783
sgold@kalielgold.com

David M. Berger (admitted *pro hac vice*)
Tayler L. Walters (admitted *pro hac vice*)
Erin A. Barlow (admitted *pro hac vice*)
GIBBS LAW GROUP LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: (510) 350-9700
dmb@classlawgroup.com
tlw@classlawgroup.com
eab@classlawgroup.com

Shawn K. Judge (admitted *pro hac vice*)
Mark H. Troutman (admitted *pro hac vice*)
GIBBS LAW GROUP LLP
1554 Polaris Parkway, Suite 325
Columbus, OH 43240
Tel: (510) 340-4217
Fax: (510) 350-9701
skj@classlawgroup.com
mht@classlawgroup.com

*Attorneys for Plaintiffs and the Putative Class*

/s/ Brian S. Gitnik
Brian S. Gitnik
Litchfield Cavo LLP
20 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 792-9772
Gitnik@litchfieldcavo.com

James R. Branit
Jason E. Hunter
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6562 (Branit)
(312) 781-6587 (Hunter)
branit@litchfieldcavo.com

hunter@litchfieldcavo.com

*Attorneys for Defendant AmeriCU Credit Union*