**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MALINDA FAIRCHILD-CATHEY,
RICHARD MUMFORD, and AARON
FORJONE, on behalf of themselves and all
others similarly situated,

               Plaintiffs,

      v.

AMERICU CREDIT UNION,

               Defendant.

Civil Action No. 6:21-cv-1173 (LEK-ML)

JUDGE LAWRENCE E. KAHN

Class Action

<u>**FINAL APPROVAL ORDER AND ENTRY OF JUDGMENT**</u>

**THIS MATTER** came before the Court for consideration of Plaintiffs' Unopposed Motion

for Final Approval of Proposed Class Action Settlement and Entry of Judgment. The Court has

reviewed the Settlement Agreement and Release and attachments thereto ("Settlement Agreement"

or "Agreement"), has reviewed the briefing and declarations submitted in support thereof, and held

a Final Approval Hearing on May 8, 2024, notice of which was given in accordance with this

Court's January 3, 2024 Order that (1) conditionally certified the Settlement Classes, (2)

preliminarily approved the Settlement, (3) approved the Notice Plan, and (4) set the Final Approval

Hearing.

     **IT IS HEREBY ORDERED** as follows:

     1.     The Settlement Agreement and Release and its exhibits (the "Agreement" or the

"Settlement"), as well as the definitions contained therein, are incorporated by reference in this

Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in

this Order.

2.      This Court has jurisdiction over the subject matter and Parties to the above-referenced lawsuit captioned *Fairchild-Cathey v. AmeriCU Credit Union* (the "Action").

3.      The Court finds that the Fed. R. Civ. P. 23(a) and (b)(3) prerequisites for a class action have been satisfied in that: (a) the Settlement Classes are comprised of so numerous members that joinder of all members is impracticable; (b) there are common questions of law and fact common to the Settlement Classes that predominate over questions affecting only individual members; (c) the claims of Named Plaintiffs are typical of the claims of the Settlement Classes; (d) Named Plaintiffs have fairly and adequately protected the interests of the Settlement Classes; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (f) Class Counsel have adequately represented the interests of the Settlement Class. In addition, questions of law or fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      The Settlement Classes are defined as follows:

Those members of Defendant who, during the Class Period, were assessed an APPSN Fee ("APPSN Fee Settlement Class").

Those members of Defendant who, during the Class Period, were assessed an OON Fee ("OON Fee Settlement Class").

Those members of Defendant who, during the Class Period, were assessed a Retry NSF Fee ("Retry Fee Settlement Class").

Excluded from the Settlement Classes are Defendant, all officers and directors of Defendant, and the judge(s) presiding over this Action.  The Class Period for the APPSN Fee Settlement Class means the dates from October 27, 2015, through July 5, 2019.  The Class Period for the OON Fee

2

Settlement Class means the dates from October 27, 2015, through January 31, 2023. The Class Period for the Retry Fee Settlement Class means the dates from October 27, 2015, through July 5, 2019.

5.     Given the foregoing findings, the Settlement Classes described in paragraph 4 above are hereby finally certified, solely for purposes of effectuating the Settlement and this Final Order and Entry of Judgment.

6.     The Court appoints Plaintiffs Malinda Fairchild-Cathey, Richard Mumford, and Aaron Forjone as Class Representatives, appoints Jeffrey Kaliel of Kaliel Gold PLLC and David Berger of Gibbs Law Group LLP as Class Counsel, and appoints Kroll as Claims Administrator.

7.     The Court hereby finds and concludes that the Class Notice program fully satisfies applicable law and the requirements of due process and constitutes the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all Class Members who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement and this Order.

8.     There were no objections to the Settlement and one opt-out from the Classes. The apparent reaction of the Settlement Classes has been overwhelmingly positive.

9.     The strength of Plaintiffs' case balanced against the risks of litigation supports granting final approval of the Settlement. The final approval papers adequately recognized the inherent uncertainty surrounding the claims and defenses at issues in the captioned cases. The Settlement thus provides a pragmatic and guaranteed significant recovery to the Classes.

10.     The Settlement does not constitute an admission, concession, or indication by Defendant of the validity of any claims in this Action or of any wrongdoing, liability, or violation of law by Defendant, nor of the appropriateness of certification of a litigation class.  To the contrary, Defendant has advised the Court that it believes it is without any liability whatsoever for any of the claims included in the Settlement and is participating in the Settlement to put an end to all such claims and the risks and expense of protracted litigation.

11.     Plaintiffs are confident in their claims while Defendant is confident in its defenses. The Parties recognize, however, that the substantial risks involved in litigating two complex class actions through trial cannot be disregarded. The Settlement, which provides Class Members with substantial, guaranteed, and immediate recovery that would typically take several years of continued litigation and significant expense to possibly achieve, is the best vehicle to efficiently resolve the consolidated actions and afford the Parties certainty and more immediate closure.

12.     Defendant possesses the ability to fund the proposed Settlement on the agreed-upon timetable, which will provide prompt relief to the Class Members, but does not possess unlimited funds to necessarily fund a notably larger recovery.  In addition, the inherent uncertainty of the future does not guarantee that if the litigation were to continue and Plaintiffs were to prevail at trial, Defendant would at that point have sufficient resources to fund the relief recovered.

13.     The Settlement is the result of arm's length, intense negotiations. There has been no suggestion or evidence of collusion.

14.     The Court notes the experience of Class Counsel in complex litigation generally, and in bank fee cases in particular, and credits their informed opinion that the $1,500,000.00

monetary Value of the Settlement is an excellent result for the Settlement Classes in light of the circumstances that exist here, including the inherent risks involved in this litigation.

15.     The Court recognizes that the Parties engaged in significant information exchange in connection with settlement negotiations so that the Parties could adequately evaluate the claims and their positions.

16.     The Court finds that the Settlement's terms constitute, in all respects, a fair, adequate, and reasonable settlement as to all Class Members and directs its consummation pursuant to its terms and conditions. The plan of administering the Settlement as set forth in the Agreement is hereby approved.

17.     The Parties and Class Members are bound by the terms and conditions of the Agreement. For the benefit of the Parties and the Class and to protect this Court's jurisdiction, the Court retains continuing jurisdiction over the Settlement to ensure the effectuation thereof in accordance with the Agreement approved herein and the related orders of this Court.

18.     Upon the Effective Date of the Settlement, Plaintiffs and each and every one of the Settlement Class Members shall be deemed to have released the Released Parties from the Released Claims as provided in the Agreement. Upon entry of Judgment by the Court in accordance with the Settlement, all Settlement Class Members shall be barred from asserting any Released Claims against the Released Parties and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims against the Released Parties.

19.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of

common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiffs, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the captioned cases or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

20.     The *cy pres* recipient of any remaining residual amounts or uncashed checks from the Settlement Fund shall be YMCA of the Greater Tri-Valley.

21.     If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

22.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

23.     In addition to granting Final Approval of the Settlement, the Court grants Plaintiffs' February 20, 2024, Unopposed Motion for Attorneys' Fees and Costs and Service Awards.  (Doc. 85.)  The Court approves an award of $500,000 in attorneys' fees for Class Counsel, $6,451.18 in Class Counsel's costs and expenses, and a service award of $5,000 for each Class Representative, all to be paid from the Settlement Fund established by Defendant.

**IT IS SO ORDERED.**

Dated:  May 10, 2024

LAWRENCE E. KAHN
United States District Judge

Approved as to form:

*/s/ Jeffrey D. Kaliel*
Jeffrey D. Kaliel (Bar Roll No. 518372)
KALIELGOLD PLLC
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783
jkaliel@kalielpllc.com

Sophia Goren Gold (Bar Roll No. 701241)
KALIELGOLD PLLC
950 Gilman Street, Suite 200
Berkeley, CA 94710
Tel: (202) 350-4783
sgold@kalielgold.com

David M. Berger (admitted *pro hac vice*)
Tayler L. Walters (admitted *pro hac vice*)
GIBBS LAW GROUP LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: (510) 350-9700
dmb@classlawgroup.com
tlw@classlawgroup.com

Shawn K. Judge (admitted *pro hac vice*)
Mark H. Troutman (admitted *pro hac vice*)
GIBBS LAW GROUP LLP
1554 Polaris Parkway, Suite 325
Columbus, OH 43240
Tel: (510) 340-4217
skj@classlawgroup.com
mht@classlawgroup.com

*Attorneys for Plaintiffs and the Settlement Classes*

*/s/ Brian S. Gitnik*
Brian S. Gitnik
Litchfield Cavo LLP
20 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 792-9772
Gitnik@litchfieldcavo.com

James R. Branit
Jason E. Hunter
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6562 (Branit)
(312) 781-6587(Hunter)
branit@litchfieldcavo.com
hunter@litchfieldcavo.com

*Attorneys for Defendant AmeriCU Credit Union*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 3, 2024, a copy of the above document has

this day been served on all counsel of record via the court's ECF system:

Brian S. Gitnik
Litchfield Cavo LLP
420 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 792-9772
Gitnik@litchfieldcavo.com

James R. Branit
Jason E. Hunter
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6562 (Branit)
(312) 781-6631 (Mallen)
branit@litchfieldcavo.com
hunter@litchfieldcavo.com

*Attorneys for Defendant AmeriCU Credit Union*

/s/ Jeffrey D. Kaliel
Jeffrey D. Kaliel